Clifford and Doris **DECKER**, Plaintiffs,

v.

**CITY OF PLANTATION**, Rae Armstrong, Martin R. Dishowitz, Ralph E. Merritt, III, John R. Gibbs, Lawrence K. Freilich, Frank Ventri, and Edward T. Weiner, Defendants.

No. 88–6396–CIV–JAG.

United States District Court, S.D. Florida, Fort Lauderdale Division.

Feb. 22, 1989.

Steven Lubetsky, Boca Raton, Fla., Dorothy Maier, co-counsel, Fort Lauderdale, Fla., for plaintiffs.

Michael Burke, Fleming, O'Brien, & Fleming, Fort Lauderdale, Fla., for defendants.

**ORDER**

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the cross-motions for summary judgment filed by the parties. Additional discovery being unneeded given the previous

state litigation on this same subject matter, the motions are ripe for decision.

The defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because the doctrine of res judicata is dispositive, the court does not reach the other grounds raised by the defendants' motion.

This case was previously litigated and decided by the Circuit Court in and for Broward County, Florida, before The Honorable Robert L. Andrews, Circuit Judge. *See* Plaintiff's Second Amended Complaint, *Decker v. City of Plantation*, Case no. 85–11487 CH–Judge Andrews (Fla.Cir.Ct. filed October ___, 1985).

In the state action, Clifford Decker sued the same defendants as those named here. The only additional party in the federal action is Doris Decker, Clifford's wife. The state complaint sought injunctive and declaratory relief and damages against the City of Plantation, Florida. The central claim in the three-count complaint was that the City's satellite dish ordinance violated plaintiff's federal constitutional rights under the First, Fifth, and Fourteenth Amendments and his state rights under Article I, sections 2, 4, and 9 of the Florida Constitution. The claims and relief sought in the state complaint are identical to those stated in the federal complaint. Complaint, *Decker v. City of Plantation*, case no. 88–6396–CIV–GONZALEZ (S.D.Fla. filed May 20, 1988).

Count I of the original state complaint was dismissed by the court because it was based upon Plantation, Fla. Ordinance Number 1053 [eff. April 21, 1982] which was repealed subsequent to the filing of the plaintiff's action. In its place, the city passed Ordinance Number 1350 [eff. September 11, 1985]. The court allowed the plaintiffs to amend their complaint to address the constitutionality of Ordinance no. 1350.

In a Final Judgment dated May 7, 1986, Circuit Judge Andrews considered the constitutionality of the Ordinance and dismissed the plaintiff's case. Paragraph 1 of the order states: "That Plaintiff, CLIFFORD DECKER, has failed to make a prima facie showing that CITY OF PLANTATION Ordinance No. 1350 is unconstitutional or invalid." *See* Final Judgment at 1, *Decker v. City of Plantation*, Case no. 85–11487 CH–Judge Andrews (Fla.Cir.Ct. May 7, 1986).

On appeal to Florida's Fourth District Court of Appeals, the plaintiffs once again raised their constitutional claims and also raised the issue of possible preemption by FCC Regulation, "Preemption of local zoning of earth stations.", 47 C.F.R. § 25.104 (1986). *See* Brief for Appellant, *Decker*.

The appellate court affirmed the trial court, per curiam, on June 3, 1987. *Decker*, No. 4–86–1205, Decision on appeal (4th DCA June 3, 1987). On July 17, 1987, the plaintiff/appellant's motion for rehearing was denied. *Decker*, No. 4–86–1205, 508 So.2d 20, Order denying rehearing (4th DCA July 17, 1987). The plaintiffs represent that there is no right of appeal to the Florida Supreme Court, but fail to state whether the case has been appealed to the United States Supreme Court.

In their own words, the plaintiffs summarize their state action as follows:

"On May 10, 1985, Plaintiffs filed suit against the City of Plantation in the Circuit Court of Broward County, 17th Circuit, Case No. 85–11487 CH, alleging that their Constitutionally guaranteed right to freedom of speech had been violated under 42 U.S.C. Section 1983, the First, Fifth, and Fourteenth Amendments to the United States Constitution, and alleging that [the] Ordinance ... was unconstitutional in that it was discriminatory and constituted an arbitrary, capricious, and unreasonable and unlawful exercise of the City's police power." Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment at 2, *Decker*, Case no. 88–6396–CIV–GONZALEZ (S.D.Fla. filed August 19, 1988).

The doctrine of res judicata, or claim preclusion, prevents relitigation of a claim where the parties have fully litigated the issue and a final judgment has resulted.

Under 28 U.S.C. § 1738, this court is required to give Full Faith and Credit to the judgments of the state court.

■ For the doctrine to apply, the defendant must establish four elements: (1) the state forum was a court of competent jurisdiction, (2) the same parties, or their privities, in the state suit are here, in the federal action, (3) the plaintiff's claims in the state suit are identical to the claims stated in the federal complaint, and (4) the state court entered a final judgment on the merits. *I.A. Derbin, Inc. v. Jefferson National Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986).

The plaintiffs *concede* that the defendants have established the first three elements. *See* Memorandum of Law in Support of Plaintiffs' Motion In Opposition to Defendants' Motion for Dismissal and/or Motion for Summary Judgment and In Support of Plaintiffs' Motion for Summary Judgment at 4, *Decker,* Case no. 88–6396–CIV–GONZALEZ (S.D.Fla. filed August 19, 1988).

■ The plaintiffs argue, however, that res judicata should not apply because there was no final judgment on the merits. The contention is that the state court did not reach the plaintiffs' constitutional claims. Alternatively, the plaintiffs argue that even if there was a final judgment, there have been essential changes in the circumstances.

It is clear that the state court decided the facial constitutionality of the Ordinance No. 1350 and the constitutional issues arising out of the ordinance's enactment. To this extent, the plaintiffs are barred by res judicata.

The final judgment affirmatively stated that the plaintiffs failed to establish their case. Furthermore, the court's decision to remand the plaintiffs to exhaust their administrative remedies before the entry of judgment demonstrates that the final judgment necessarily decided this constitutional issue. It would have been foolish for the state court to remand the plaintiffs to pursue remedies under a facially invalid statute.

Because the state court decided the issue of the ordinance's facial constitutionality, the only issues before this court not clearly barred by the doctrine of res judicata are: (a) whether the city's action on the Decker's application for a permit or variance was unconstitutional or otherwise arbitrary; and (b) whether there have been essential changes in conditions since the entry of the state final judgment. These issues raise both due process and equal protection concerns under the Fourteenth Amendment to the United States Constitution.

■ The plaintiffs rely upon the fact that the City of Plantation now has a practice of issuing building permits to satellite dish owners. According to the plaintiffs, the City has recently issued sixteen dish permits under the ordinance. However, this does little to help plaintiffs' cause. Ordinance No. 1350 prohibits dishes on residential property unless they are located in a *back* yard and sufficiently screened from view. The plaintiff applied for a permit or variance to have the dish placed in the *front* yard because of their inability to receive satellite signals from any other location. The plaintiffs do not contest the fact that the sixteen permits issued by the city were for dish placements in the *back* yard. These sixteen owners only sought exception to the zoning law's limitations on dish size and the requirements for foliage cover.

In terms of due process, the city gave the plaintiffs an opportunity to appear before the City Council, which they did on January 27, 1988 and February 2, 1988. *See* Minutes of Plantation City Council at 52–54 (January 27, 1988) and at 73–74 (February 2, 1988).

Moreover, there is no evidence that the city's application of the ordinance to these plaintiffs was arbitrary or capricious. The only evidence presented to this court was the minutes of the Council's meetings when they considered the plaintiffs' application under both the present and repealed ordinances. *See* Minutes of the Plantation City Council at 679–85 (August 21, 1985), 714–22 (August 28, 1985), 746–49 (September 4,

1988), 758–60 (September 11, 1988), 52–54 (January 27, 1988), and 73–74 (February 3, 1988).

The City heard oral argument from Clifford Decker. The minutes reflect a deliberate decision of the council after consideration of many factors including the possible discriminatory impact upon citizens owning satellite dishes. In the case of the Deckers' application for a variance or permit, the council even went to the extent of investigating the costly option of cutting down the city's trees on adjacent property which were blocking the Decker's satellite reception. See Minutes at 52–54 (January 27, 1988) and at 73–74 (February 3, 1988). Indeed, the fact relied upon above by the plaintiffs, that the council has recently issued sixteen permits under the ordinance, is evidence that there is no council bias against satellite dishes per se, except to the extent that they unduly harm the aesthetics of the community.

Hence, for the reasons stated above, the plaintiffs have not raised any valid due process concerns.

■ In terms of the guarantee of equal protection, the plaintiffs' case also fails. There is no absolute right at stake. Indeed, this court has ruled previously that the First Amendment right to receive information via a satellite dish is a relative right which may be outweighed by important governmental interests, such as the protection of community aesthetics. See Robert Lyons v. City of Fort Lauderdale, No. 86–6569–CIV–GONZALEZ, slip op. (S.D. Fla. June 29, 1987). The only possible classification, for equal protection purposes, made by the city was between the satellite dish owners and the users of other antennae such as television and radio.

To establish this classification as a violation of equal protection, the plaintiffs must show that it treats dish owners differently and that it discriminates, in purpose or effect, against the plaintiffs. This, they have failed to do.

■ Finally, the plaintiffs contend that the City's enforcement is arbitrary because it has filed an action in state court to foreclose on a lien placed on the Decker's property for a fine assessed under the ordinance. This claim lacks merit. The City waited until the termination of the state suit brought by the Deckers to foreclose their lien. It is difficult to understand how the defendant municipality can be accused of bad faith by their act of filing suit to foreclose their lien when they prevailed in the earlier suit brought by the Deckers.

The City of Plantation has attempted to enforce a reasonable and nondiscriminatory policy of protecting the community while allowing for the First Amendment right of individuals to receive information.

The plaintiffs have not shown that the Ordinance was arbitrarily applied or enforced, or that the City's actions to foreclose on their lien did not have a substantial relation to their stated concern with protecting community aesthetics.

Having considered the motions and evidence in this case, and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED as follows:

(1) The plaintiffs' and defendants' motions for leave to file additional memorandums of law are hereby GRANTED *nunc pro tunc*. The plaintiff's memorandum, filed on January 18, 1989, and the defendants' memorandum, filed on February 1, 1989, have been received and considered by the court.

(2) There are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is GRANTED. The plaintiffs' motion for summary judgment is hereby DENIED.

(3) The plaintiffs' motion for a preliminary injunction is hereby DENIED as moot. In addition, the plaintiffs' motion for a hearing on the motion is also DENIED.

(4) The plaintiffs' motion for the entry of an order staying the state court proceedings involving the city's suit to enforce its lien is hereby DENIED as moot.

(5) Final judgment is hereby ENTERED on behalf of all defendants and against the

plaintiffs and this cause is hereby DIS-MISSED.

(6) The plaintiffs' motion for leave to amend filed on February 21, 1989 is hereby DENIED as moot.

(7) The court retains jurisdiction over the parties for the sole purpose of taxing costs herein upon appropriate application.

DONE AND ORDERED.